Chief Justice Kqbertson,
delivered the’opinion of the court.
. ' Hickey and Grooms, by a written submission which was made the order of court, referred a special matter designated in the submission, and all other matters in contest between them to arbitrators.
The arbitrators awarded specially, as to the specific matter of controversy described in _ the submission, and generally, in relation to all other subjects in controversy, Hhat all matters in law and equity between the parties are now settled.’1'1
After the investigation of tbe facts, and the examination of the witnessess in the presence of the parties, *125 and after the arbitrators and parties had dispersed; but before the award was made up, one of the arbitrators had an interview and private conversaiion with one of the witnesses, who had been examined; and it appears from his affidavit, that this exparte examination, influenced the opinion which he expressed in the award.
The statute of 1798, 1 Dig. 90> changes jawasTdates to submission qfcontrover-. tion^íwaS must follow ' the submission, extend™0* matter not specifically submitted-
If an arbitra-tor use “undue Xlefhim to*1" make up an award, as conversing privately with witness, it vi tiates the award, whatever his motive.
*125 Various objections were made by Hickey, to the award,, in the circuit court; but they were all disregarded, and the award ivas made the judgment of the court.
There are two objections to the award, which must be fatal to it.
1st. It is more comprehensive, than the submission, according to the legal construction, and eflect of the order of court. At common law, a submission of all matters in controversy, without further explanation, is binding, and an award, as comprehensive as the submission may be enforced; and in such a case, parol proof would be admissible to show what were the matters in controversy, at the date of the submission.
But the statute of 1798, of this state, concerning arbitrations; I Digest, 90, and which authorizes a submission to arbitration of controversies, not 'pending in court, to be made the order of court; directs that the parties shall make a concise statement in writing, of their controversy. If no suit be pending, which will identify the controversy, the submission in writing must identify it. A general submission of all matters in contest, does not define nor specify the subjects, submitted. Over such a vague submission, the court has no jurisdiction under the act of 1798, and it has no authority to render a judgment on an award reported to it in consequence of its order on such submission. Blunt, et ux. vs. Sproul, pr. Dec. 267, Fitzgerald vs. Fitzgerald, Hardin 227. Shryock, vs. Morton, II. Marshall, 561. Therefore, as to all other subjects of controversy between the parties, excepting the matter specified in the submission, .thq award was illegal and inoperative; and consequently, the judgment of the court is too comprehensive.
2d. Although an award may be good so far as it conforms to the submission, and so far as the submission is binding and authoritative; in this case the whole award aught to have been set aside, because one of the arbi *126 trators resorted to “undue means” to enable him to make-the award. Whether the affidavit of an arbitrator should be admitted to proove his own misconduct, and therefore nullify his award, need not now be decided. The affidavit in this case was not objected to; and the fact which it disclosed, seemed to be conceded.
Arbitrators have no right to witness or hear any statement relative to a matter submitted, without giving each party an opportunity to be present.
Haggin, for plaintiff; Combs, for defendant.
Doubtless the arbitrator was influenced by the purest motives, in seeking the erparte information which he obtained. But whatever may have been his motives, the act cannot be approved.
Hickey had a right to be heard by the arbitrators. It was their duty to give him a reasonable opportunity to be present when they heard the evidence. They had no right to hear any statement or examine any witness, without allowing each party the privilege of being present, and interrogating the witness, and of producing countervailing facts, if necessary and proper. When the witness was examined privately by the arbi'trator, his colleague was not present. Hickey was not present; the witness was not sworn; it was not expected that any further inquiry would be made. The parties relied on the evidence, as it was detailed in their presence, before the arbitrators.
That such “undue means”, or such “misconduct” in one of the arbitrators must be sufficient cause for sitting aside the award, is abundantly proved by authority; see Van Courtlandt vs. Underhill, XVII Johnson 411, and the cases therein cited.
Wherefore, the judgment of the circuit court is reversed, and the cause rewarded, with instructions to quash the award.